UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GALVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 17-cv-06003-JSC<br><br>**ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 35 |

Plaintiff Julie Galvez brings this action alleging violations of the California Homeowner's Bill of Rights (the "HBOR") against Defendant Wells Fargo Bank, N.A. in an effort to enjoin the foreclosure of her home. Defendant's motion to dismiss Plaintiff's Second Amended Complaint ("SAC") is now pending before the Court.[1] (Dkt. No. 35.[2]) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendant's motion to dismiss. Plaintiff has failed to cure the defects in her complaint and fails to state a claim under the HBOR.

## BACKGROUND

**A. Allegations of the SAC**

Plaintiff owns real property at 713 Miramar St. Windsor, California 95492. (SAC ¶ 8.) In May 2005, Plaintiff refinanced the mortgage loan for the property and executed a Promissory Note and Deed of Trust in favor of World Savings Bank, FSB. (*Id*.) The loan was subsequently transferred to Wachovia Mortgage, FSB, and then to Wells Fargo when it merged with Wachovia

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 9, 11 & 21.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Mortgage.[3] (*Id.*)  Wells Fargo is the current owner and servicer of Plaintiff's loan and Clear Recon is the foreclosure trustee. (*Id.*)

In December 2016, Plaintiff submitted an application for a loan modification to Wells Fargo. (*Id.* at ¶ 10.)  The following month, Plaintiff was notified that her application was incomplete. (*Id.*)  This notification did not preclude other foreclosure alternatives. (*Id.*)  Although Plaintiff's application was apparently denied on February 14, 2017, Plaintiff never received written notice of the denial and was not advised of the denial at all until July 14, 2017 during a phone call. (*Id.* at ¶ 11.)  Defendant's failure to either make a determination or send the written determination artificially extended Plaintiff's default. (*Id.* at 11.)  Plaintiff's default was further deepened by Defendant's failure to offer her an opportunity to apply for a loan modification. (*Id.* at 11.)  Thus, unaware that her application had been denied, Plaintiff recontacted Wells Fargo in June 2017 about foreclosure prevention alternatives–a program that is advertised by Wells Fargo as a way to save one's home. (*Id.* at ¶¶ 11-12.)

On June 27, 2017, Plaintiff spoke to a Wells Fargo representative, Lacresa, who requested income documents for Plaintiff's "reentry into the loan modification process." (*Id.* at ¶ 13.)  Plaintiff provided the requested documents. (*Id.*)  That same day, Plaintiff received a call from another Wells Fargo representative who advised her that the active foreclosure status on her home had been removed. (*Id.* at ¶ 14.)  Also this same day, Plaintiff received a call from another Wells Fargo representative, Qwatashia, who requested two additional documents—proof of income from Plaintiff's husband and proof of occupancy. (*Id.* at ¶ 15.)  Plaintiff asked Qwatashia about having a new appraisal done for the property since the last appraisal had significantly undervalued the home. (*Id.*)  Plaintiff was told that only Eric Graves could order a new appraisal and Plaintiff needed to submit a written request for a new appraisal to Wells Fargo's Home Preservation Department. (*Id.*)

About two weeks later, Plaintiff had compiled all of the necessary information and contacted Wells Fargo to request a new appraisal. (*Id.* at ¶ 16.)  Plaintiff spoke to Wells Fargo

---

[3] The Court previously granted judicial notice of publicly recorded documents relating to the Property at issue in this case. (Dkt. No. 33 at 2, n. 2.)

2

Reentry Department employee Dustin who told her that Wells Fargo had received all of the documents necessary to get an appraisal ordered. (*Id*.) Plaintiff was then transferred to Eric Graves who confirmed that he had all of the necessary documents and that the file had been re-opened. (*Id*.) Mr. Graves advised Plaintiff that Christine was processing the application and that she was in review for a short sale option, although she had not applied for a short sale. (*Id*. at ¶ 17.) At Plaintiff's request, Mr. Graves stated that he would tell Christine to remove the short sale option. (*Id*.)

Three days later, Plaintiff contacted Wells Fargo and spoke with Amanda Gonzales who told her that her application had never been reviewed for a HAMP modification. (*Id*. at ¶ 18.) According to Ms. Gonzales, Plaintiff was not in the Home Preservation Department and to obtain such a review Plaintiff needed to go through reentry and start the process over again. (*Id*.) Plaintiff was then transferred to a representative named Tanya who was part of the Reentry Department. (*Id*. at ¶ 19.) Tanya told Plaintiff that she could only be reviewed for a loss mitigation application if she demonstrated a change in income. (*Id*.) Tanya requested information regarding Plaintiff's financial situation which she provided. (*Id*. at ¶¶ 19-20.)

On July 18, 2017, Plaintiff spoke with Kwamee in the Home Preservation Department because that was where her application had been transferred. (*Id*. at ¶ 21.) Plaintiff provided the documents to Kwamee who told her that no foreclosure sale date was scheduled for the property. (*Id*.) Less than a week later, Plaintiff contacted Wells Fargo to follow up and spoke with Bobby Anderson who advised her that her materials had been received the week before and were in review for a loan modification. (*Id*. at ¶ 22.) Plaintiff was again assured that no foreclosure sale was scheduled. (*Id*.) The next day, Plaintiff received notice that her loan file had been removed from the short sale process, but she had never requested that it be considered for a short sale. (*Id*. at ¶ 23.) The following day Eric Graves advised Plaintiff that her application was not in active review, but it would be within the next several days. (*Id*. at ¶ 24.) This never happened; instead, Plaintiff later learned that on or about July 20, 2017—two days after she submitted her completed loan modification application—Clear Recon had prepared and then recorded a Notice of Default

("NOD") on the property contrary to the status of Plaintiff's account.[4] (*Id.* at ¶¶ 24-25.) On or around June 20, 2018, Plaintiff received a Notice of Trustee's Sale from Clear Recon but she has been unable to verify whether this notice was recorded with the Sonoma County Recorder's office. (*Id.* at ¶ 26.)

**B. Procedural History**

Plaintiff filed this action in the Sonoma County Superior Court on September 17, 2017 against Defendants Wells Fargo and Clear Recon. (Dkt. No. 1-1.) Plaintiff alleged three claims for violation of California's Homeowner's Bill of Rights, a negligence claim, and violation of California Business and Professions Code section 17200. Wells Fargo did not appear in the state court action, but Clear Recon, the substituted trustee on the Deed of Trust, filed and served a Declaration of Non-Monetary Status ("DNMS") on October 3, 2017 pursuant to California Civil Code section 2924l which permits a trustee to file a DNMS if it is named in a state-court action "solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 29241(a). (Dkt. No. 1-1 at 21.) Because Plaintiff did not object within 15 days, Clear Recon became a nominal party to the action. *Id.* § 29241(d). Wells Fargo thereafter removed the action to federal court based on diversity of citizenship.

Following removal, Plaintiff filed her First Amended Complaint adding claims for negligent and intentional misrepresentation. (Dkt. No. 12.) Wells Fargo responded by filing a motion to dismiss in which Clear Recon joined. (Dkt. Nos. 14 & 18.) At the hearing on the motion to dismiss, the Court raised the issue of its subject matter jurisdiction and whether the

---

[4] In its June 6, 2018 Order, the Court noted that Wells Fargo failed to attach the actual Notice of Default as Exhibit L to their Request for Judicial Notice. (Dkt. No. 33 at 4:9, n. 3.)(*See* Dkt. No. 15.) Defendant now attaches the actual Notice of Default as Exhibit D to their Request for Judicial Notice. (Dkt. No. 36.) Pursuant to Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See also United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.") Furthermore, Plaintiff has not objected to Defendant's request for judicial notice. Accordingly, the Court GRANTS the Request for Judicial Notice as to Exhibit D, which is part of the public record and easily verifiable.

4

presence of Clear Recon—a California corporation—defeated diversity jurisdiction. (Dkt. No. 24.) Following the hearing, the Court issued an order to show cause regarding its subject matter jurisdiction. (Dkt. No. 25.) In response, Plaintiff voluntarily dismissed her claims as to Clear Recon which resolved any issue regarding the Court's subject matter jurisdiction. (Dkt. No. 26.) The parties thereafter participated in mediation, which was unsuccessful. (Dkt. No. 32.)

On June 7, 2018, the Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's FAC in part. (Dkt. No. 33.) The Court rejected Defendant's argument that Plaintiff's claims were barred by the doctrine of judicial estoppel based on Plaintiff's bankruptcy proceedings, but concluded that claims were inadequately pled and granted the motion to dismiss for failure to state a claim with leave to amend.

Plaintiff timely filed her second amended complaint on June 28, 2018. (Dkt. No. 34.) She pleads three claims for relief under the HBOR: (1) violation of Civil Code section 2923.6(c), (2) violation of 2923.7(e), and (3) violation of 2923.7(b)(5). Defendant thereafter filed the now pending motion to dismiss. (Dkt. No. 35.) Plaintiff failed to file a timely opposition and the Court issued an order to show cause as to why the action should not be dismissed for failure to prosecute. (Dkt. No. 38.) Plaintiff filed her opposition shortly thereafter and a separate response to the Order to Show Cause. (Dkt. Nos. 39 & 40.) The motion is now fully briefed.

**C. Bankruptcy Proceedings**

In addition to her civil action seeking to enjoin her foreclosure, Plaintiff has filed several bankruptcy actions. As relevant here, in June 2011, a year after she defaulted on the underlying loan, Plaintiff filed for Chapter 7 bankruptcy. (Dkt. No. 15-1 at 23.[5]) This petition was discharged in September 2011. (*Id.* at 26.) A month later, Plaintiff filed a Chapter 13 bankruptcy petition which was dismissed three years later. (*Id.* at 29, 36.) Three months after this dismissal, Plaintiff filed another Chapter 13 petition. (*Id.* at 39.) Defendant's motion to lift the automatic stay of this bankruptcy proceeding was granted in June 2017. (*Id.* at 51.) Plaintiff filed another

---

[5] The Court previously granted judicial notice of filings in Plaintiff's prior bankruptcy proceedings. (Dkt. No. 33 at 5:11-12, n. 5.)

5

Chapter 13 bankruptcy petition on August 8, 2018.[6]

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim upon which relief may be granted if the plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under 12(b)(6), the Court accepts "all well-pled factual allegations as true" and construes them "in the light most favorable" to Plaintiffs. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011) (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008)). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A court may dismiss a case without leave to amend only if the plaintiff cannot cure the defect by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

## DISCUSSION

The SAC alleges violation of the same provisions of the HBOR that Plaintiff asserted in

---

[6] Defendant requests that the Court take judicial notice of exhibits: (A) the Northern District Bankruptcy Docket relating to Plaintiff's voluntary chapter 13 petition–case no. 14-11124–filed on July 31, 2014; (B) the declaration of Monica Joy Edwards in support of motion for relief of the May 4, 2017 automatic stay; (C) order granting motion for relief from the May 4, 2017 automatic stay; and (E) notice of trustee's sale dated June 20, 2018, and recorded on June 25, 2018 with the Sonoma County Recorder's Office as document no. 2018045328. (Dkt. No. 36.) The Court already granted notice of exhibits (A) and (B) in its June 7, 2018 order. (Dkt. No. 33 at 5:12, n. 5.) Defendant further requests that the Court take judicial notice of exhibits: (A) Plaintiff's voluntary chapter 13 petition-case no. 18-10535–filed on August 6, 2018; and (B) the Northern District Bankruptcy Docket relating to Plaintiff's voluntary chapter 13 petition, case no. 18-10535. (Dkt. No. 42.) Pursuant to Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See also United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.") Plaintiff here has not objected to Defendant's request for judicial notice. Accordingly, the Court GRANTS the Request for Judicial Notice as to Exhibits C and E of docket number 36 and Exhibits A-B of docket number 42, all of which are part of the public record and easily verifiable.

her First Amended Complaint: Sections 2923.6(c), 2923.7(e), and 2923.7(b)(5). Section 2924.12 provides a private cause of action for violations of these statutes. In particular, a plaintiff may recover "injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7" and "actual economic damages" pursuant to section 3281 as a result of the material violations of the aforementioned sections.[7] Cal. Civ. Code § 2924.12.

### A. Plaintiff's Section 2923.6(c) Claim

Defendant moves to dismiss Plaintiff's 2923.6 claim because she has failed to allege either a material violation of the statute or a material change in her financial circumstances. The first argument is dispositive.

In the prior iteration of her 2923.6 claim Plaintiff alleged that because of Defendant's dual-tracking, she "faces the active foreclosure of her Property" and she "has never been able to obtain review of her application." (FAC ¶¶ 38, 45.) However, in opposing Defendant's motion to dismiss the FAC, Plaintiff indicated that she was "not suggesting [that] she was entitled to a modification." (Dkt. No. 16 at 17:9-10.) When questioned about this issue at the hearing, Plaintiff maintained that while she could not allege that she was entitled to a modification she could allege that there were other foreclosure prevention alternatives that she forwent while pursuing the loan modification and that she could have made other choices but for her reliance on the loan modification process.[8] Based on these arguments the Court granted Plaintiff leave to amend her section 2923.6 claim to plead a material violation of the statute. (Dkt. No. 33.) The Court concluded that because Plaintiff had not alleged that "she was denied a loan modification to which she was entitled because of the dual tracking, or that the dual tracking affected her loan

---

[7] The California Legislature amended section 2924.12 effective January 1, 2018 to, among other things, omit reference to 2923.6 in 2924.12. The prior version of the statute nevertheless governs the events that took place before the time of enactment, including the events underlying this case, because the prior version explicitly provided that it was effective from January 1, 2015, through December 31, 2017. *See* Cal. Civ. Code § 2924.12 (West 2015) ("operative until January 1, 2018"). The California Legislature also amended and re-numbered section 2923.6 to section 2924.11 effective January 1, 2018, but as with section 2924.12, the prior version of the statute governs events that took place before the time of enactment, including the events underlying this case. The prior version of the HBOR explicitly provided that it was effective from January 1, 2013, through December 31, 2017. *See* Cal. Civ. Code § 2923.6(k) (West 2013) ("[t]his section shall remain in effect only until January 1, 2018").

[8] The Court reviewed the audio recording of the January 11, 2018 motion hearing.

7

modification other than to leave her confused about its status," her allegations failed to satisfy the 2924.12 materiality requirement. (Dkt. No. 33 at 9:11-14.)

Plaintiff's SAC fails to remedy these defects. Instead, Plaintiff alleges that the violation is material because "[w]ithout a Notice of Default, a Notice of Trustee's Sale and [the foreclosure] sale itself cannot occur. Since the Notice of Default was recorded improperly the solution is to rescind the notice. Instead, Defendant doubled down and sent Plaintiff a Notice of Trustee's Sale." (Dkt. No. 34 at ¶ 33.) As Defendant notes, Plaintiff is simply citing to the mechanics of California's foreclosure statutes. Plaintiff's insistence that this is enough because she need not show that she would be entitled to a loan modification in unavailing. Plaintiff may not have to show that she would be entitled to a loan modification but for Defendant's actions, but she must allege that she was harmed.

While neither a statute nor any California state court has defined materiality for purposes of section 2924.12, district courts examining this issue have concluded that a violation is "material" if it is plausible that the violation caused the plaintiff to suffer harm. *See, e.g.*, *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 869-71 (N.D. Cal. 2017) (stating that a "material violation" is one that affects the plaintiff's loan obligations or the loan modification process); *Hestrin v. Citimortgage, Inc.*, No. 2:14–cv–9836–SVW–AJW, 2015 WL 847132, *3 n.4 (C.D. Cal. Feb. 25, 2015) (stating that plaintiff's allegation that defendant failed to "provide certain documents before recording a notice of default"–a lender's statutory duty under section 2923.55–is sufficient to constitute a material violation under 2924.12); *Garcia v. PNC Mortg.*, No. C 14-3543 PJH, 2015 WL 534395, at *4–*5 (N.D. Cal. Feb. 9, 2015)(stating that plaintiff's "allegation that a number of different individuals at [defendant mortgagee] responded to [plaintiff's] requests for information is not sufficient in itself to state a claim" of material violation under section 2924.12); *Berman v. HSBC Bank USA, N.A.*, 11 Cal. App. 5th 465, 468, 217 Cal. Rptr. 3d 674, 675 (Ct. App. 2017) (stating that defendant's "denial letter constituted a material violation of section 2923.6 because it substantially misstated the time [plaintiff] was allowed by the law to appeal [defendant's] denial of his application for a loan modification" and therefore the plaintiff lost his opportunity to appeal).

8

While some courts have held that materiality is a question that cannot be resolved at the pleading stage, Plaintiff still must plead something to satisfy 2924.12's materiality requirement. *See Cardenas*, 281 F. Supp. 3d at 869 (noting that cases take divergent approaches with some concluding that materiality cannot be resolved at the pleading stage and others finding that a violation is only material if it causes Plaintiff to suffer some harm). Under Plaintiff's construction of materiality, any violation of 2923.6 would be material, which would "obviate[] the materiality requirement." *Johnson v. PNC Mortg.*, No. C 14-02976 LB, 2014 WL 6629585, at *10 (N.D. Cal. Nov. 21, 2014) (dismissing claims brought pursuant to Cal. Civ. Code § 2924.12 for failure to state a material violation of HBOR sections 2924.17 & 2924.19). Indeed, although Plaintiff represented at the prior hearing that she could plead that she failed to take certain actions as a result of the pending loan modification, Plaintiff has not included these allegations in her SAC. Instead, Plaintiff has pled materiality by pleading the elements of a claim. This is not sufficient. *See Cardenas*, 281 F. Supp. 3d at 870 (holding that plaintiff failed to allege materiality because she failed to allege that the violation "'affected [Plaintiff's] loan obligations,'" disrupted Plaintiff's loan modification process, or caused Plaintiff to suffer harm that Plaintiff would not have suffered otherwise.").

Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's section 2923.6 claim for failure to plausibly plead materiality.

**B.      Plaintiff's Section 2923.7 Claims**

Defendant moves to dismiss Plaintiff's 2923.7 claims, insisting that Plaintiff has not alleged that she requested a single point of contact ("SPOC"). (Dkt. No. 35 at 7:19-21.)

Under the provision of section 2923.7 at issue:

> (a) *Upon request from a borrower* who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.

Cal. Civ. Code § 2923.7(a) (emphasis added). In its prior Order, the Court concluded that based on this express language section 2923.7 "only applies when borrowers *request* a single point of contact" and, therefore, "a borrower who requests a loan modification must also request a single

9

point of contact for that obligation to trigger." (Dkt. No. 33 at 11:12-13, 24-26 (emphasis added).)

In her SAC, Plaintiff does not allege that she requested a single point of contact. The only amendment Plaintiff makes in regards to her section 2923.7 claims is an allegation that "[t]he material violation of this statute caused Plaintiff to lose the opportunity to either appeal the determination in February 2017 or even be reviewed for a loan modification in July 2017." (Dkt. No. 34 at ¶¶ 39 & 45.) In opposition to the motion to dismiss, Plaintiff maintains that her allegation that "[b]y failing to provide Plaintiff with an adequate single point of contact while she was seeking a loan modification, Defendants violated Cal. Civ[.] Code § 2923.7" is sufficient to state a claim. (*Id*. at ¶ 46.) Not so. As the Court previously stated, to state a claim under 2923.7 Plaintiff must allege that she requested a single point of contact. It is not enough to allege that one was not designated for her—the requirement to designate a SPOC is only triggered "upon request from a borrower." Cal. Civ. Code § 2923.7(a).

Defendant's motion to dismiss the section 2923.7 claims is therefore granted.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED. (Dkt. No. 35.) The dismissal is with prejudice as Plaintiff's HBOR claims fails to state a claim for the same reasons the Court granted Defendant's motion to dismiss on June 7, 2018 and as such, further leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

**IT IS SO ORDERED.**

Dated: October 4, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge